## COBB & GREGORY v. PARKER, County Judge, et al. (No. 288–3542.)

(Commission of Appeals of Texas, Section A. June 24, 1922.)

**1. Appeal and error &#9755;911(1)—Reason for election of special judge presumed to exist from agreement of parties reciting that named person was elected special judge.**

Where agreement of parties provided that, whereas named person, duly elected special judge, was of counsel of the defendant, and therefore disqualified, other named person should act as special district judge in the cause, it will be presumed that one of the causes mentioned in Rev. St. 1911, art. 1678, existed requiring the election of a special judge.

**2. Judges &#9755;16(1)—Parties could select special judge by agreement where elected special judge was disqualified.**

Where the special judge who had been elected was disqualified because of counsel for the defendant, it was competent for the parties to select a special judge to try the case by agreement, under Const. art. 5, § 11.

On motion for a rehearing. Motion overruled.

For former opinion, see 236 S. W. 1108.

R. L. Durham and W. D. Gordon, both of Beaumont, and Geo. G. Clough, of Houston, for plaintiffs in error.

T. E. Welch, of Port Neches, and S. D. Tant, of Sour Lake, for defendants in error.

SPENCER, P. J. In their motion for rehearing, defendants in error for the first time suggest fundamental error in this: That the acts of C. A. Lord as special judge, who was appointed by agreement of the parties to try and who did try this case, were null and void because the disqualification of the regular judge, Hon. J. Llewellyn, is not shown of record. The agreement of the parties is as follows:

"The State of Texas, County of Hardin.

"At a term of the Seventy-Fifth judicial district court, January term, begun and holden at Kountze, Tex., on the 6th day of January, A. D. 1919, within and for the county of Hardin, the Hon. J. Llewellyn, judge of the Seventy-Fifth judicial district of Texas (Hon. C. A. Lord acting as special judge for this case), and ending on the 8th day of February, A. D. 1919, the following cause came on for trial, to wit: No. 3114. Cobb & Gregory v. W. S. Parker, et al.

"No. 3114. Cobb and Gregory v. W. S. Parker Co. Judge et al. District Court, Hardin County, Texas. Whereas, Hon. D. F. Singleton, elected special judge, is of counsel for the defendant in the above-numbered and entitled cause, and hence disqualified from sitting in trial of the above cause, it is agreed by and between counsel for plaintiff and defendant, Hon. C. A. Lord, of the Beaumont bar shall sit as special district judge in the above-numbered and entitled cause, and that said cause shall be set for trial on Wednesday, February 5, 1919, at Kountze. Jas. A. Harrison, W. D. Gordon, Clough & Durham, of Counsel for Plaintiffs. D. F. Singleton, Welch & Tant, of Counsel for defendant.

"Agreement for C. A. Lord to sit as judge to try this cause. Filed the 5th day of February, 1919. Thos. B. Coe, District Clerk, Hardin County, Texas."

[1] The agreement above copied recites that Judge Singleton was elected special judge of the term at which this case was tried. As article 1678 is the only statute we have which deals with the election of a special judge, the presumption obtains that one of the causes mentioned in that article existed requiring the election of a special judge. The article reads:

"Whenever, on the day appointed for a term of the district court, or at any time before the expiration of the term, or the completion of all the business of the court, the judge thereof shall be absent, or shall be unable or unwilling to hold the court, there shall thereby be no failure of the term, and no failure to proceed with the business of the court, but the practicing lawyers of such court present thereat may proceed to elect from among their number a special judge of said court, who shall proceed to hold said court and conduct the business thereof, and shall have all the power and authority of the judge of said court, during such continued absence or inability, and until the completion of any business begun before such special judge."

As special judge he was clothed with full power to dispatch the business of the court for the term for which he was elected, the same as though he was the duly elected and qualified judge, and this power continued, unless he resigned, until such time as he should be bereft thereof, by the resumption of the duties by the regular judge. During the continued absence of the regular judge, or his continued unwillingness to serve, Judge Singleton was, within the meaning of the Constitution and laws of this state, the judge of that court. As the record indicates that Judge Singleton was, at the time this cause was called for trial, in charge of the court conducting its business, the disqualification vel non of the regular judge is not an issue in this case in determining the regularity of the trial of the cause. The existence of conditions requiring the election of a special judge submerges the identity of the regular judge as a judge of the court, until there is a resumption of the exercise of the powers conferred upon him by law. The conduct of the business of the court passes temporarily from his hands.

The record here shows the special judge was disqualified. What then might the parties do to relieve the situation? Let the Constitution answer. Article 5, section 11, of the Constitution, reads:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. * * * *When a judge of the district court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or, upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law." (Italics ours.)

The case of Dunn v. Home National Bank, (Tex. Civ. App.) 181 S. W. 699, is the case most strongly relied upon by defendants in error as supporting their contention. That case is clearly distinguishable from this one. There the regular judge of the court was absent, and the parties agreed upon a special judge to try the cause; but there was no election as required by statute. Here there was an election as the statute required, but the judge so elected was disqualified in this particular cause.

[2] The appointment of Judge Lord by agreement of the parties to try this case because of the disqualification of the elected special judge was a valid exercise of the constitutional privilege of the parties, and conferred upon him the power to try the case. Parker County v. Jackson, 5 Tex. Civ. App. 36, 23 S. W. 924; Oates v. State, 56 Tex. Cr. R. 571, 121 S. W. 370.

We recommend that the motion for rehearing be overruled.