This is a suit by W. E. Bush against the receivers of the Texas 
Pacific Railway Company and the Postal Telegraph Cable Company, and Mackay Telegraph Cable Company to recover damages for personal injuries alleged to have been caused by the negligence of defendants, their agents and employees. The negligence alleged is to the effect that the Texas Pacific Railway Company had its switch track along First street in the city of El Paso, which street runs east and west, and upon which it moved its cars in switching interstate commerce, and that the cable companies had a wire stretched across said street and track, used for a call or signal system; that it was placed so close to the top of an ordinary box car as that plaintiff, who was working as a switchman for the Texas Pacific Railway Company, and its receiver, and when on top switching cars came in contact with it, in the nighttime, and was jerked from said position, fell to the ground and was thereby seriously and permanently injured. The receivers answered by general denial, negligence, contributory negligence, and assumed risk upon the part of plaintiff, admitted that they were switching cars in interstate commerce, etc., and set up cross-action against the Postal Telegraph Cable Company in any sum which the plaintiff might recover against them. The case was dismissed as to the Mackey Telegraph Cable Company, tried with a jury, submitted upon special issues, and resulted in verdict and judgment in favor of plaintiff for $10,000, against the receivers, and take nothing against the Postal Telegraph Company, and that the receivers take nothing by reason of its cross-action against the latter. The receivers appealed.
As to the points applicable to appellee, Bush, first, it is urged that the court erred in refusing instructed verdict because they say:
"(a) The uncontradicted evidence shows that Bush accidentally and negligently came in contact with the wire."
"(b) That the wire which caused the accident belonged to and was controlled by the Postal Telegraph Company," and
"(c) That there is no evidence that appellants were responsible for the wire being there, nor for any change in its position," and
"(d) Appellants being engaged in interstate commerce, and the wire having been there many years and appellee having passed under it almost daily, and was fully aware of its existence and location, he assumed the risk." And, "e, f, g and h," to the same effect.
There is evidence to the effect that the wire was placed over First street prior to the extension of the railroad switch track, and that its presence was noted by the general agent of the company at the time the track was constructed over which appellee Bush was operating the cars, and that it was not thought to be so low as to be dangerous to any employee riding upon a car, and therefore no steps were taken to have its position changed. This evidence having come from the appellants' employees as witnesses, it certainly does not appear that the appellee should be chargeable with knowledge of its dangerous position, and there is no evidence that he in fact knew that the wire was there, nor does the uncontradicted evidence show that Bush negligently came in contact with the wire; but the evidence is such as to require the court to submit the questions to the jury.
Whilst the undisputed evidence is that the telegraph company owned and had exclusive control of the wire, the evidence upon which the jury were authorized to find that the latter was not guilty of negligence, as it did, is that there is an absence of evidence that its agents had any knowledge that the switch track was extended under it, and none to charge it with knowledge that the wire was so low as to be dangerous, so the negligence which was the proximate cause of the accident and injury could well have *Page 341 
been determined by the jury to be the act of the railroad in constructing its track and operating its trains under the wire in the position in which it was, and there is no evidence that its position had materially changed after the extension of the track.
By several propositions it is contended that the court erred in submitting the question:
"Do you find * * * that at the time alleged * * * the railroad company permitted the wire to be placed across the track at the point complained of in such position and location as that the said wire struck plaintiff, if he was, while riding on top of a box car, if he was, in performance of his duties?"
This question is subject to some of the reasons for appellant's objections to it, and is not the exact question which should have been submitted, if any, but No. 8 is the question called for by the evidence:
"Were the receivers negligent in permitting, if they did, such wire to be as it was at the time complained of?"
So we are of the opinion that the cause should not be reversed by reason of the charge.
Sixteen complains of argument of counsel shown by the bill of exception as follows:
"Plaintiff was lying on his back for five days spitting blood. He was lying on his back looking into the pearly gates spitting blood for five days. This was made in reply to the argument of appellant's counsel that the evidence showed the injuries not to be serious but only temporary."
This was properly objected to, and the court refused to exclude the remarks; but under all the facts of this record it was not such remarks as should reverse the case. The evidence fully supports a recovery in some amount, and we are not prepared to hold in favor of appellant's contention that the amount recovered is excessive, so do not see that it possibly influenced the jury in their findings in any respect.
Propositions 17 to 20, inclusive, charge error in exchange of judges during the progress of the trial. The bill of exceptions shows the facts to be: Judge Price, of the Forty-First district, called the case, passed upon the pleadings, impaneled the jury, and heard the pleadings read, and then announced that he was physically unable to attend the trial of the cause, and called the judge of the Sixty-Fifth district to take charge. None of the parties made any objections. The judge of the Sixty-Fifth district presided until the evidence was introduced and all parties rested, prepared the charge, passed on the exceptions thereto and the special charges, and read the charge to the jury, whereupon the judge of the Forty-First district resumed charge of the case. Whereupon objection was made to trying the case by piecemeal, and for the further reason that neither of the judges heard all of the proceedings and therefore not competent to render judgment.
The record discloses that both judges passed upon the motion for new trial and both signed the judgment. Under such facts, there was no error, for the Constitution and statutes of Texas provide for exchanges of judges whenever they deem it expedient. Johnson v. State, 61 Tex.Cr.R. 104, 134 S.W. 225; Marx v. Weir, 61 Tex. Civ. App. 520,130 S.W. 621; York v. State, 91 Ark. 582, 121 S.W. 1070, 18 Ann.Cas. 344; Cobb Gregory v. Parker (Tex.Com.App.) 242 S.W. 1018.
There are other propositions charging error, but are approximately the same as those passed upon, so are overruled for the reasons assigned above, and since there is no reversible error in the case, as to appellee Bush, we next pass upon the questions presented as between appellants, receivers, and the telegraph company. Bush is not interested in whether there was error as between the two defendants. Austin Electric Ry. Co. v. Faust, 63 Tex. Civ. App. 91, 133 S.W. 449.
It is first urged that the court erred in refusing to permit the appellants to introduce a franchise from the city to the appellee Postal Telegraph Company, upon the theory that the wire was placed in its position without authority from the city. The bill of exceptions does not disclose affirmatively that there was such a franchise in existence, nor its contents in any manner described so that we can determine whether it would establish want of authority.
It was not necessary for this telegraph company to have a franchise. In case of St. Louis v. W. U. Tel. Co. (C. C.) 63 F. 68, it was said:
"The defendant company is in the city, with its poles and wires on the streets, under the paramount authority of an act of the federal Congress. It comes as a governmental agency, in performing an important function in interstate commerce. It neither asks, nor can the city demand, any permit or license to be and remain on such public highway. It has the right to demand the use of the plaintiff's streets and alleys, and the plaintiff must submit to such use, with or without an ordinance."
By several propositions the point is made that appellants were not negligent, and that appellee telegraph company's negligence was the sole and proximate cause of the accident and injury and for that reason the court should have charged the jury to find for the receivers over against the telegraph company, in such amount as they found for plaintiff Bush. The rule sought to be invoked is that the receivers were not negligent under the facts, but were liable for damages by construction of law, and that the *Page 342 
telegraph company was the active perpetrator of the wrong, and for that reason the latter should be held to indemnify the former whose wrong was only secondary. City of San Antonio v. Smith et al., 94 Tex. 266,59 S.W. 1109.
The trouble with these propositions is the facts do not support the contentions. The jury having found under proper charges that the telegraph company was not negligent and the evidence being sufficient to support the findings, the question is foreclosed.
Finding no error, the cause is affirmed.
 On Rehearing.
Upon the suggestion of the appellee Bush, we desire to correct our statement of the facts shown by the bill of exception relative to the exchange of judges during the progress of the trial. We quote from the bill of exception verbatim, as follows:
"Said cause was regularly called for trial on the 21st day of February, 1924. P. R. Price, the judge of the Forty-First judicial district, presiding, settled the pleadings and impaneled the jury, and the pleadings were read to the jury. That during said time the said judge announced to counsel that he was physically unable to continue the trial of the cause, and that he was going to request Ballard Coldwell, judge of the Sixty-Fifth judicial district, to take charge of and to preside over said trial of said cause. That none of the parties made any objection to said action of said court. That thereupon the trial of said cause was proceeded with without objection by Hon. Ballard Coldwell, judge of the Sixty-Fifth district court, presiding until all of the evidence introduced by the parties of the cause had been heard and concluded and all parties had rested. Judge Coldwell prepared the charge to the jury and passed on all exceptions thereto, as well as passed on the special charges submitted, and read the charge and special charges to the jury; and before argument was commenced, on, to wit, the 26th day of February, 1924, Judge Price returned and at the request of Judge Coldwell presided over the argument until its conclusion. At the time Judge Price took charge of the argument no objection was made by counsel for any of the parties.
"The jury thereafter returned their verdict into court on, to wit, the 27th day of February, at about 12:30 p. m., which verdict was received by Judge Price and ordered filed.
"Before judgment was rendered on the verdict, to wit, the 28th day of February, 1924, counsel for the receivers in open court excepted to the action of the court in abandoning the trial of said cause, and surrendering the same to Hon. Ballard Coldwell during the hearing of the evidence and preparation and settling of the charges, and afterwards returning and taking charge of the trial, and thus trying the cause by piecemeal by the two judges of different districts presiding at different times as in this bill above stated; said counsel further objecting to trying said cause in the manner aforesaid for the reason that neither of the judges heard all of the proceedings in said cause, and that neither was therefore competent or qualified to render any judgment on said verdict for those reasons."
Judge Price qualified the bill with the explanation:
"That at the time of the announcement and at the time Judge Coldwell took charge, I was physically unable to proceed with the trial of the case, and I deemed it expedient to have Judge Coldwell preside at the trial." *Page 343