## MILLER et al. v. DUNAGAN.

### No. 3447.

Court of Civil Appeals of Texas. El Paso.

Nov. 25, 1936.

J. A. Moore, of Odessa, and T. B. Ridgell, of Dallas, for appellants.

R. W. Hamilton and T. D. Kimbrough, both of Midland, for appellee.

PELPHREY, Chief Justice.

On June 15, 1934, C. A. Hendricks and Grace Hendricks, his wife, sold to Mrs. Jean Stonehocker and Jack Smith the fixtures owned and used by them in the Green Lantern Café located on Grant avenue in Odessa, Tex., for the consideration of $400. Of this amount $100 was paid in cash and a note secured by a chattel mortgage on the property conveyed was executed for the balance. Mrs. Stonehocker and Smith changed the name of the café to the West-Tex Café and operated it until August 17, 1934, at which time they transferred it to appellee in trust, subject to the consent of the various creditors.

The conveyance then provided that Dunagan was to take charge of the café and its operation for a period of fifteen days, during which time he was to assemble the various indebtednesses of Stonehocker and Smith and undertake to collect the outstanding accounts due them, but was to make no payments of back indebtedness until the expiration of the fifteen days, at which time he was to render an account of all receipts and disbursements from his operation. The agreement then further provided that if: "At the expiration of this 15 days, should a satisfactory showing exist among the creditors and after a prorated payment and distribution of the moneys on hand upon the indebtedness of said first party, the said H. B. Dunagan may remain in charge for a further period satisfactory to such creditors upon such terms as may be agreed upon, and subject to such further terms and conditions as may be mutually satisfactory."

On the following day another assignment was executed by Stonehocker and Smith, at least one appears in the record bearing the signature of both of them. It reads: "For value received we, Jack Smith and Gene Stonehocker, owners of the West-Tex Café, Odessa, Texas, located at next door South of J. A. Holt's Variety Store in the town of Odessa, Ector County, Texas, hereby sell, transfer, convey and set over unto H. B. Dunagan as Trustee all our mercantile, real and personal assets for the benefit of the creditors of the West-Tex Café."

On August 28, 1934, Jack Smith executed a bill of sale to the West-Tex Café to appellee. This instrument was signed by him alone.

About this time appellant Dyer took charge of the café under an agreement that if he would run the place until all the indebtedness was paid, he should then have a half interest in the business. During October, 1934, appellant Don Miller joined appellant Dyer in conducting the café and, together, they secured a lease on the property from the owner. The café was still being operated by them at the time of trial, but the name had been changed to the President Café.

On November 20, 1935, this suit was filed by appellee, against Miller and Dyer alleging that he sold the café to them on the 1st day of October, 1934, for the sum of $1,800; that they had refused to pay

the purchase price; that they, in attempting to defraud him, had changed the name of the café; and that he, as receiver and trustee, had a lien on the café, fixtures, stock, merchandise, equipment, and the lease on the building, which he asked to be foreclosed.

Appellants answered by a general demurrer, a general denial, and specially denied that the property sued on was ever the property of appellee as trustee or individually, and that he ever, as trustee or individually, sold the property to them, and that they ever purchased or offered to purchase the property from him for the sum of $1,800.

They further pleaded that he was estopped from setting up any claim to the property by a former suit in which he sought a receiver for the property and was likewise estopped from setting up a sale of the property to them. They also claimed to have purchased the café from Mrs. Hendrix as the mortgagee of the café as well as the interest of Mrs. Stonehocker; and alleged that the only interest ever held in the café by appellee was that of manager for Mrs. Stonehocker.

The cause was submitted to the jury upon the sole issue of whether appellants had, on or about October 1, 1934, purchased the West-Tex Café from appellee as assignee of the partnership of Jack Smith and Jean Stonehocker for $1,800. Upon the jury's affirmative answer to that issue, the court rendered judgment against appellants for $1,520, being the $1,800 found by the jury less $280 paid to creditors by appellants; and foreclosing appellee's lien on the West-Tex Café, situated in the Weinstein Building on Grant avenue of the city of Odessa, Ector county, Tex., including all its fixtures, stock, merchandise, equipment on the lease on the building of the West-Tex Café.

From that judgment this appeal has been perfected.

## Opinion.

Appellants, by their assignments Nos. 5, 11, 12, 15, and 20, attack that portion of the judgment which grants a foreclosure of the purchase-money lien. They first contend that there is no such lien; that, if there be such a lien, there is no jury finding as to its existence; and that it was ordered foreclosed upon property which was not included in the sale. The matter we think will become immaterial in view of the conclusion we have reached

as to the sufficiency of the pleading to show the existence of a lien. Appellee's only pleading as to the existence of a lien is: "That on or about the 1st day of October, 1934, plaintiff, as receiver of said West Tex Café, sold said place of business to the above defendants at the agreed sum of eighteen hundred ($1800.00) dollars, and that thereafter said defendants, Don D. Miller and B. R. Dyer, leased the building in which said place of business was located; that since taking possession of said business, said defendants, Miller and Dyer, have failed and refused to pay the said Eighteen Hundred ($1800.00) Dollars agreed purchase price, or any part thereof, and have stated and do now state that they will not pay said purchase price. Plaintiff further alleges that said Eighteen Hundred ($1800.00) Dollars is now due and unpaid and is part of the purchase money for said café, and plaintiff, as receiver and Trustee, has a purchase money lien on said cafe, all its fixtures, stock, merchandise, equipment and the lease on the building for the payment of said purchase money."

It is well settled that a petition in an action to enforce a lien should set forth fully all facts relied on as showing the existence of a lien. 37 C.J. § 75, p. 345; Lindale Brick Co. v. Smith, 54 Tex.Civ. App. 297, 118 S.W. 568 (writ denied).

The allegations above quoted fail to meet that test and can furnish no basis for a judgment of foreclosure. We know of no law which gives a lien for the purchase money of personal property merely upon an agreement to pay the purchase price, and appellee's allegation that he had a lien is nothing more than his conclusion.

Appellants also assign error to the trial court's action in excluding the application of appellee for a receiver.

The exclusion of documentary evidence will only be considered when the bill of exceptions sets out the excluded document. 3 Tex.Jur. § 331, pp. 470, 471, 472; Jones v. Cavasos, 29 Tex. 428; Lancaster v. Bush (Tex.Civ.App.) 267 S.W. 339.

The bill of exceptions here has nothing to say as to what the excluded petition contained. Nor do we find any statement of its contents in the statement of facts where it might have been shown under the provisions of article 2237, R.S.,

amended by Acts 1931, 1st Called Sess. c. 34, § 1 (Vernon's Ann.Civ.St. art. 2237).

In this condition of the record, the assignments must be overruled.

While appellee's petition failed to name him as either trustee or receiver in the first paragraph, yet we feel that the whole pleading as well as the evidence shows that he was suing in such capacity, and we find no error in rendering judgment in his favor as trustee.

Appellants' assignments Nos. 23 and 24 complain of the trial court's action in reforming the judgment and not granting a new trial. From a careful reading of the whole record we find no suggestion that the court reformed the judgment and, naturally, these assignments must be overruled.

Appellants' assignment, in which they assert that the judgment was erroneous because of proof showing that appellee had been paid $340, not being accompanied by a statement of the proof on that question, will be overruled. It is not the duty of an appellate court to search the entire record in order to determine matters complained of.

The same is true of the assignment questioning the validity of the sale because of nonconformance with the Bulk Sales Law (Vernon's Ann.Civ.St. arts. 4001–4003).

The remaining assignments raising in a general way the same propositions we have considered will be overruled.

The judgment will be reformed so as to strike from it that portion decreeing a foreclosure of the purported lien, and, as thus reformed, will be affirmed.