**MILLER et al. v. DUNAGAN.**
No. 3761.

Court of Civil Appeals of Texas. El Paso.
Oct. 27, 1938.

Rehearing Denied Dec. 1, 1938.

T. B. Ridgell, of Dallas, and Moore & Ridgell, of Odessa, for appellants.

R. W. Hamilton and T. D. Kimbrough, both of Midland, for appellee.

NEALON, Chief Justice.

Don Miller and wife, Mamie Miller, and B. R. Dyer sued H. B. Dunagan, John C. Dunagan, B. C. Girdley, John Ames and Maryland Casualty Company. They sought judgment for damages which they alleged were sustained by reason of the seizure and sale of certain personal property used in

the operation of a cafe in the City of Odessa. Defendant H. B. Dunagan, as trustee for a former owner, had sold certain chattels constituting part of the equipment of the cafe to Don Miller and B. R. Dyer; and thereafter, charging that they had refused to pay the purchase price of $1,800, had secured judgment against them for a balance of $1,520, with foreclosure of a claimed "purchase money lien." Dyer and Miller appealed to this Court, which after hearing reformed the judgment by eliminating the alleged purchase money lien (99 S.W.2d 434) and affirmed it as respects the money judgment. The appeal was upon a cost bond. No supersedeas bond was ever given.

· On December 18, 1935, H. B. Dunagan sought and obtained an attachment against the property of Miller and Dyer. John C. Dunagan and B. C. Girdley were the sureties upon the attachment bond. The writ of attachment was placed in the hands of appellee Ames, who was constable, for execution. He testified that he seized the cafe and its equipment by virtue of the attachment writ. At the same time he padlocked the building and kept the key. He testified that Miller consented to this action. Miller denied that he so consented. Ames was uncertain as to the date of this seizure, but it was sometime prior to the issuance of the order of sale hereinafter mentioned.

February 3, 1936, pending appeal, an order of sale issued out of the District Court directing the seizure and sale of the property described in the judgment of foreclosure. According to the return this order of sale was executed by Constable Ames on February 3, 1936. Miller testified that he agreed that the Constable might take possession of the property described in the order of sale. Sale was made as under execution on February 14, 1936, and said property was purchased by appellee H. B. Dunagan.

Subsequently, on February 18, 1936, execution issued out of the District Court for the amount of the judgment and costs. This writ was executed on the day of issuance by the sheriff of Ector County by levying upon a number of other articles of equipment of said cafe not enumerated in the foreclosure decree. On March 14, 1936, the property so levied upon by the sheriff was sold at execution sale and purchased by H. B. Dunagan.

Appellants sought to recover upon allegations that the levy and sale made by virtue of the order of sale were wrongfully made, that some of the property sold "was never the property of said cafe but was placed in said cafe by plaintiff Don D. Miller and Mrs. Mamie Miller as their own separate property; that all of the property wrongfully seized and sold * * * resulted in damages to plaintiff Mrs. Mamie Miller in the sum of $322.56 and to Don D. Miller in the sum of $539.25"; that the seizure and sale left them "broke" and "unable to go into any other kind of business" to their loss "by reason of such wrongful seizure and sale in the sum of $3,600." Maryland Casualty Company was surety upon the official bond of John Ames as Constable.

Plaintiffs prayed that they "have judgment as follows: "Against all of said defendants for said sum of $861.50 as actual damages for the value of their property sold including fixtures, stock and equipment in said cafe, and for $200.00 loss in expense and for a judgment against H. B. Dunagan and John Ames for $3600.00 additional, for the loss of their income in the operation of said cafe, which they were denied by said seizure and sale, caused by the said H. B. Dunagan and John Ames, and as against the said H. B. Dunagan plaintiffs pray for a judgment of $2600 exemplary damages."

The court instructed a verdict in favor of all defendants, and upon its return entered judgment that plaintiffs take nothing. Their appeal is from this judgment, insofar as it affects H. B. Dunagan.

### Opinion.

█ In perfecting their appeal, appellants executed a cost bond in which only H. B. Dunagan was named as obligee. We therefore have considered the judgment under review only as it affects him. Anderson v. Automobile Finance Co., Tex.Civ. App., 260 S.W. 1092.

█ The appeal upon the cost bond in the first case did not suspend the money judgment obtained by Dunagan. It was his right to have execution issue as if no appeal had been taken. Article 2268, R.C.S. The order of sale in the present case served the same purpose but only to a limited extent. Under a general execution all non-exempt property of the defendant in execution to the extent it was necessary to make the judgment would have been liable to seizure and sale. The order of sale restricted the seizure to the enumerated articles. It is not alleged that any of the articles seized were exempt, nor that defend-

ants in execution offered to point out other property upon which they desired levy to be made first, nor that a smaller price was obtained than would have been secured had the seizure and sale been deferred or had only one sale taken place. We think, therefore, that no liability, unless for merely nominal damages, arose out of designating the writ an order of sale. We do not hold that there was even such liability. A decision as to this question is not necessary.

 While it was alleged that articles other than those described in the order of sale were the separate property of Mr. and Mrs. Miller, there was no evidence that any of it was the separate property of Mrs. Miller. The mere fact that it was not part of the original equipment purchased from Dunagan did not render it immune from seizure and sale to satisfy a judgment against Miller. This property was eventually seized and sold by the sheriff by virtue of the execution. No part of the alleged cause of action is based upon the sheriff's act.

In considering the assignment of error complaining of the directed verdict, we must treat all evidence favorable to appellant as being true. Therefore, we must assume that Constable Ames closed and locked the cafe over Miller's protest. If he did so, this was a tortious act. However, appellants have not briefed an assignment of error based upon the theory that they were damaged by being deprived of the use of the building. In fact, they pleaded in effect in the trial court that they could not continue to conduct business after all of the equipment was seized. The original seizure was apparently made by authority of a writ of attachment authorizing the seizure of all of defendants' non-exempt property that might be necessary to satisfy the debt. No part of the alleged cause of action is based upon the issuance or execution of the attachment writ. Nor does it appear that H. B. Dunagan or either of the sureties upon the attachment bond were present when the place of business was closed or that they participated in, authorized or sanctioned this act of the Constable. Therefore no liability for damages, if any, arising out of this act attached to them. Ainsa v. Moses, Tex.Civ.App., 100 S.W. 791; Patton v. Collier, 13 Tex.Civ. App. 544, 38 S.W. 53; Longcope v. Bruce, 44 Tex. 434; 18 Tex.Jur. 790.

No allegations challenge the validity of the writ of attachment under which the equipment was originally seized. It is not here contended that the grounds upon which it was sought and obtained were non-existent or that probable cause for the issuance of the writ did not exist. That writ, if valid, justified the seizure of so much of debtors' non-exempt property as was necessary to satisfy the creditor's demand.

No case was made against H. B. Dunagan, J. C. Dunagan or B. C. Girdley. No appeal was perfected as to Constable Ames or the Maryland Casualty Company.

The judgment of the trial court is, therefore, affirmed.