ALAMO EXPRESS, Inc. v. INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION NO. 657, et al.

No. 11888.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 17, 1948.

tonio and Corpus Christi, against, among other defendants, Local Union No. 657 of San Antonio, Local Union No. 968 of Houston and Local Union No. 652 of Corpus Christi, each of said local unions being affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, seeking, among other things, an injunction against these local unions prohibiting them from maintaining picket lines at plaintiff's terminals at San Antonio, Houston and Corpus Christi.

The trial was to the court without a jury and resulted in judgment, among other things, denying any relief against Union Local 652 at Corpus Christi, granting a permanent injunction against Local Union No. 657 of San Antonio, dissolving a temporary injunction theretofore granted, and denying a permanent injunction against Local Union No. 968 of Houston.

Alamo Express, Inc., has prosecuted an appeal from that part of the judgment which dissolved a temporary injunction theretofore granted and refusing to grant a permanent injunction against Local Union No. 968 of Houston.

Appellant presents but one point, reading as follows:

"The court erred in dissolving the temporary restraining order (injunction) against the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Local No. 968 (Houston) and Local No. 652 of the same at Corpus Christi for the reason that each local involved in the controversy is affiliated with each other and acted in concert with each other."

We cannot consider that part of this point relating to dissolving of the temporary injunction as to Local Union No. 652 of Corpus Christi, because an examination of the appeal bond fails to show that any appeal was perfected as to Local Union No. 652 of Corpus Christi.

Prior to October 3, 1947, Alamo Express, Inc., had previous contractual relations with the three local unions mentioned above. Each local union had two separate contracts, one for city pick-up and delivery men, and one for over-the-road drivers.

Maynard F. Robinson, of San Antonio, for appellant.

Combs & Dixie, of Houston, and Oliver & Peace, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Alamo Express, Inc., a common carrier motor carrier, operating a motor transportation freight service transporting commodities generally between points in Texas, and maintaining terminal facilities at points on its line, including Houston, San An-

The city pick-up contracts and the over-the-road contracts were not coextensive as to time. Wages of city pick-up and delivery men were not identical·in each town.

On October 3, 1947, the contracts pertaining to over-the-road drivers were reopened by the Local No. 968 of Houston, by letter of that date addressed to J. G. Walker, Vice President of Alamo Express, Inc., and signed by I. A. Jester, President of Local No. 968. Copies of this letter were sent to Clyde Gherman of San Antonio and M. L. Cabes of Corpus Christi. Local No. 657 of San Antonio reopened its contracts by some means not shown in the record and Local No. 652 of Corpus Christi did not reopen its contract.

Meetings were held at Houston, San Antonio and Austin, with reference to these contracts. Among others attending these meetings was M. W. Miller, who testified he was the "International Representative" of the Teamsters Union. The Austin meeting· was during· Christmas week in 1947. At the conclusion of this meeting M. W. Miller, the International Representative, handed M. C. Wheat, the Alamo Express, Inc., representative, three contracts, one each for· the three local unions heretofore mentioned, with the statement that if these, contracts were not signed by January 1, 1948, a strike would be called. On January 1, 1948, pickets appeared with signs declaring Alamo Express, Inc., on strike. A strike vote had been taken by the over-the-road drivers. The Houston Local voted 8 to 0 in favor of striking, the San Antonio Local voted 8 to 3 against striking, and apparently no vote was taken by the Corpus Christi Local. The institution of this suit by Alamo Express, Inc., followed the calling of this strike.

Appellant points out that it has a total of 144 employees, consisting of twenty-eight clerks, eighty-one pick-up and delivery men and thirty-five regularly employed over-the-road drivers. Eleven of these over-the-road drivers are located at San Antonio and eight at Houston. It is thus apparent that neither a majority of the employees or a majority of the over-the-road drivers voted to strike, however, the trial judge apparently felt that the local union at Houston was "autonomic" and was en-titled to act separately from the other local unions, and inasmuch as a majority of the over-the-road drivers belonging to the Houston Local voted·to strike, that picketing at the Houston terminal was legal.

Sec. 2, par. h. of Article 5154f, Vernon's Ann.Civ.St., defines the term "labor dispute" as follows:

"h. The term 'labor dispute' is limited to and means any controversy between an employer and the majority of his employees concerning wages, hours or conditions of employment; provided that if any of the employees are members of a labor union, a controversy between such employer and a majority of the employees belonging to such union, concerning wages, hours or conditions of employment, shall be deemed, as to the employee members only of such union, a labor dispute within the meaning of this Act."

Sec. 3 of Article 5154d, Vernon's Ann. Civ.Stats., provides as follows:

"It shall be unlawful for any person, singly or in concert with others, to engage in picketing or any form of picketing activities, where any part of such picketing is accompanied by, slander, libel, or the public display or publication of oral or written misrepresentations."

Appellant's exact contention is that the picketing at the Houston terminal was illegal because the pickets were carrying banners stating that there was a strike there when less than a majority of its employees had voted to strike. In other words, that the banners were a misrepresentation of the true facts and therefore the trial court should have enjoined such picketing. We overrule this contention. A majority of the over-the-road drivers belonging to the Houston Local had voted to strike and they had the right of peaceful picketing to put the public on notice of their strike. We are of the opinion that a proper construction of the above provisions of the statutes would allow this peaceful picketing and if not then they would be in conflict with provisions of the 1st and 14th Amendments to our Federal Constitution protecting freedom of speech. Ex parte Henry, Martin and Greer, by the Supreme Court of Texas, and not yet re-

ported in State report. A. F. of L. v. Swing, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855; Carlson v. People of State of California, 310 U.S. 106, 60 S.Ct. 746, 84 L.Ed. 1104; Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093.

The judgment of the trial court is affirmed.