CONANN CONSTRUCTORS, INC., Appellant,

v.

Dale E. MULLER, et al., Appellees.

No. 12913.

Court of Civil Appeals of Texas, Austin.

June 17, 1981.

Rehearing Denied July 15, 1981.

Robert R. Bradshaw, Coffee, Goldston & Bradshaw, Austin (James M. Vogt, Coffee, Goldston & Vogt, Austin, on re-submission of brief), for appellant.

Dale E. Muller, Thomas Goggan and Joel B. Mitchell, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellees, Mr. and Mrs. Lawrence Kolbert, agreed to purchase a house from appellant Conann Constructors, Inc., in 1970. Their next-door neighbor, appellee Dale E. Muller, purchased a lot from Conann and had another contractor build his house in 1972. The Kolberts' house had a septic system in the front yard but it never worked properly. Effluence from the septic system ran from the Kolberts' lawn onto Muller's lot and down the street. Muller filed suit against the Kolberts for nuisance in April, 1975. The Kolberts then filed a third-party action against Conann for indemnification and for damages for breach of warranty, strict liability, fraud, and violation of the Deceptive Trade Practices Act (DTPA), 1973 Tex.Gen.Laws, ch. 143, § 1, at 322. The 1979 amendments to the DTPA, Tex.Bus. & Comm.Code Ann. § 17.50 (Supp. 1980–81), which modified the trebling of damages are not applicable to this case.

The jury found that the leakage of effluence from the Kolbert property onto the Muller property was a temporary nuisance. Muller was awarded $10,000 for nuisance and $7,125 for lost rental value against the Kolberts. The jury also found that Conann had breached an implied warranty by failing to provide a septic system suitable for the purpose for which it was intended. The

Kolberts were awarded $17,125 against Conann for indemnification of Muller's award. For the breach of the implied warranty they were awarded $10,000 for cost of repairs, $4,200 for increased maintenance costs, $2,000 for several trees that will be lost when the septic system is repaired, and $5,000 for mental anguish. This sum, $21,200, was trebled under the Deceptive Trade Practices Act. The Kolberts were also awarded $18,500 for attorney's fees. The total judgment against Conann was $99,225.

Conann contends that the two-year statute of limitations is applicable on the claim for breach of warranty, and that the statute of limitations had expired before the Kolberts filed their third-party action against them. We do not agree.

The Kolberts signed the contract to buy the house in January, 1970. Muller filed suit in April, 1975. The Kolberts filed a third-party action against Conann in June, 1975. The Kolberts proved that they entered into a written contract with Conann who was to build the house and septic system. The Kolberts are not alleging that Conann failed to build something that was agreed to orally but that the septic system, which was part of the house that was contracted for in writing, was not fit for the purpose intended. The Texas Supreme Court has held "that a warranty which the law implies from the existence of a written contract is as much a part of the writing as the express terms of the contract, and the action to enforce such a warranty is governed by the statute pertaining to written contracts." *Certain-Teed Products Corp. v. Bell*, 422 S.W.2d 719, 721 (Tex.1968). 1841 Tex.Gen.Laws, *An Act of Limitations* § 1, at 163, 2 H. Gammel, *Laws of Tex.* 627 (1898)[1] provided for a four-year statute of limitations for actions based on written contracts.

Kolberts' cause of action arose in August or September, 1971, when they discovered that the septic system did not work properly. *Richman v. Watel*, 565 S.W.2d 101 (Tex.

---

1. The current version of the statute Tex.Rev.Civ.Stat.Ann. art. 5527 (Supp.1980–81) did not become effective until 1979.

Civ.App.), writ ref'd n. r. e., *per curiam*, 576 S.W.2d 779 (Tex.1978). *Summers v. Bransford-Hinds Building Co.*, 383 S.W.2d 947 (Tex.Civ.App.1964, writ ref'd n. r. e.). From the time that the Kolberts discovered the defect in the septic system, to June 1975, when they filed a third-party action against Conann, is less than four years. The Kolberts are not barred by the statute of limitations.

■ Conann's claim that the implied warranty was replaced with an oral express warranty does not change the statute of limitations. A modification or exclusion of an implied warranty on a new house must be in writing. *MacDonald v. Mobley*, 555 S.W.2d 916 (Tex.Civ.App.1977, writ ref'd n. r. e.).

■ Conann also contends that the septic system is not defective. They argue that the same type of system has worked in many other areas and that if the Kolberts' septic system had been installed in another lot, it would work perfectly. The fact that a septic system could work properly on another lot is immaterial. The question is whether this system was fit for its intended purpose—a sewage disposal system for the Kolberts' house and lot. There is evidence in the record that effluence from the Kolberts' septic system rose to the surface on their lawn and ran onto Muller's property and down the street. This would not occur if the system worked properly. The system Conann sold to the Kolberts was intended to dispose of the sewage from the Kolberts' house. There was testimony that it did not do so. There was sufficient evidence to support the finding that the implied warranty of fitness for the intended purpose was breached.

We affirm the judgment of $10,000 for repairs to the septic system, $4,200 for additional costs for maintenance of the septic system, and $2,000 for several trees that will be lost when the septic system is repaired.

Conann also claims that the Deceptive Trade Practices Act was not violated, but if it was violated, the trial court improperly trebled the damages that occurred before the DTPA was enacted. As stated above, the jury found that the Kolberts' septic system was not suitable for the purpose intended. They also found that Conann, after July 1, 1973, failed to disclose that the septic system could be repaired. This failure to disclose was found to be false, misleading, and unconscionable and was found to have adversely affected the Kolberts.

■ The DTPA became effective on May 21, 1973. Even though a house was purchased and defects were discovered before the effective date of the DTPA, a buyer may recover damages which result from a violation of the DTPA. *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977). There was testimony that the septic system never worked properly since the time the house was sold to the Kolberts in 1971. The cost of repairs, increased maintenance and the potential loss of several trees are damages that resulted from the failure of the septic system to function properly. They did not result from any acts or omissions occurring after the effective date of the DTPA and therefore cannot be trebled under the DTPA. The trial court erred in trebling the $16,200 in damages that resulted from the breach of the implied warranty.

The Kolberts point to two short pieces of testimony that they claim show that they suffered mental anguish as a result of the nondisclosure. Mr. Kolbert testified as follows:

"Q  Now, about how many years has this problem been going on, Mr. Kolbert?

A  Well, this being 1978, we bought the house in '71.

Q  So, roughly six or seven years?

A  Yes, sir. Since August or September of '71.

Q  Has this caused you and your wife mental agony and anguish?

A  Yes, sir.

Q  To a considerable degree?

A  Yes, sir."

and

"Q  Has this effluent surfacing in your yard and out into the street, in your

opinion, caused problems as far as emotional distraught to you and your wife and family? Has it caused you embarrassment, this type of thing?

A I would have to say that's an understatement.

Q What do you mean that's an understatement?

A Well, how do you quantify problems like this? Can you really put a dollars and cents figure on them? I'm not sure you can.

Q Were your children able to use your front yard to play in or out in the cul-de-sac?

. . . .

A We did have to make sure the children kept out of the area, yes, sir.

Q And along with that, has it caused you and your wife embarrassment, humiliation to have to be sued by your neighbors?

A It's not a pleasant thing, sir."

It is clear from this testimony that the mental suffering that Mr. Kolbert complained of was not a result of the failure of Conann to disclose that the septic system could be repaired but from the fact that the system never worked. The mental anguish complained of did not result from a violation of the DTPA and therefore cannot be trebled under that Act. The trial court erred in trebling the damages for mental anguish.

Conann also contends that the Kolberts cannot recover any damages for mental anguish since the Kolberts have not suffered any physical injury. The law on mental anguish is well established in this state. A person may recover damages for mental anguish, where there is no physical injury, only when there is proof of a willful tort, gross negligence, or willful disregard. *Duncan v. Luke Johnson Ford, Inc.*, 603 S.W.2d 777 (Tex.1980), *Harned v. E–Z Finance Co.*, 151 Tex. 641, 254 S.W.2d 81 (1953). There are no allegations that Conann intentionally or negligently installed the septic system in such a way that it would not work properly. The Kolberts urge, however, that they pleaded and proved that Conann's failure to disclosure the repairability of the septic system was actual fraud and/or constructive fraud. Even so, as stated above, we find no evidence of any damages resulting from the failure to disclose this information. The trial court erred in awarding $5,000 in damages to the Kolberts, for mental anguish.

The trial court awarded the Kolberts $18,500 for attorney's fees, part of which is to be refunded if there is not an appeal to the Texas Supreme Court. The jury found that 30% of this fee should be allocated for the defense of the suit brought by Muller and 70% of this fee should be allocated for the cross action against Conann. Awards for attorney's fees may not be granted in Texas unless there is statutory provision allowing them. There are, however, a few exceptions. One of these exceptions is the awarding of attorney's fees in cases involving indemnity. *Texas Construction Associates, Inc. v. Balli*, 558 S.W.2d 513 (Tex.Civ.App.1977, no writ), *Fisher Construction Co. v. Riggs*, 320 S.W.2d 200 (Tex.Civ.App.), *rev'd on other grounds*, 160 Tex. 23, 325 S.W.2d 126 (1959). The expense of defending a suit should be included when the defending party receives indemnification from a third party. The purpose of indemnification is to make a party whole. If the indemnitee must bear the expense of defending a suit, then he is not made whole by the indemnification. The trial court was correct in awarding the Kolberts attorney's fees for defending against Muller's suit.

Attorney's fees may be recovered under § 17.50 of the DTPA. However, the Kolberts have failed to show that they are entitled to recover damages under the DTPA. They are therefore not entitled to recover attorney's fees for their cross action against Conann. *Cantrell v. First National Bank of Euless*, 560 S.W.2d 721 (Tex.Civ. App.1977, writ ref'd n. r. e.). The trial court erred in awarding attorney's fees for the action against Conann.

■ Muller contends that Conann perfected an appeal only as to the Kolberts and therefore this Court does not have jurisdiction over him. He asks that he be dismissed from the appeal.

After the trial court entered its judgment, Conann filed a motion for new trial. Many of the points of error contained in the motion alleged that the trial court erred in entering judgment for Muller. Conann renewed several of these points of error in their brief that was filed with this Court. In their cost bond Conann stated:

"WHEREAS, in the above entitled and numbered cause pending in the 126th Judicial District Court of Travis County, Texas, judgment was rendered on the 7th day of April, 1978, in favor of Lawrence S. Kolbert and Janice Kolbert, Cross-Plaintiffs, and against Conann Constructors, Inc., Cross-Defendant, for damages in the sum of $99,225.00, together with interest thereon from the 7th day of April, 1978, at the rate of 9 percent per annum, and all costs of suit, from which judgment Conann Constructors, Inc. desires to appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, sitting at Austin, Texas."

The bond was made payable to the District Clerk of Travis County. Muller claims that Conann failed to perfect the appeal by failing to mention in the cost bond his judgment against the Kolberts. We do not agree.

Texas R.Civ.P. 353 states that:

"No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severable portion of the judgment from which the appeal is taken is designated in a notice served on the adverse party...."

There has been no such notice given. We hold that Conann perfected an appeal from the judgment in favor of Muller. We do not believe that an appellant may inadvertently fail to perfect an appeal against a party by failing to mention a specific part of the judgment in the appeal bond. To limit the appeal where the appeal bond is made payable to the district clerk, the provisions of Tex.R.Civ.P. 353 must be followed.

■ Conann contends that the trial court erred in awarding Muller damages for lost rental value, in that there was insufficient evidence that there was a decrease in value and that there was no evidence that the nuisance was continuous. Conann did not contend that awarding damages for loss in rental value was improper when the effluence was running across Muller's property. Muller testified as to the rental value of his house with and without the effluence running across his yard. The jury found the average decrease in rental value, "if the nuisance was in existence," to be $125 per month. A person may testify as to the value of his own property even though he may not be qualified to testify to the value of another's property. Muller, in a trial amendment, asked for recovery of decreased rental value of his house from April 19, 1973, to the time of the judgment, April 7, 1978—a period of almost five years. The trial court awarded him $7,125 for decreased rental value which would be fifty-seven months at $125 per month. There were no jury findings on the number of months that the flow of effluence was great enough to create a decrease in the rental value of Muller's house.

■ During the trial, Muller stated that the Kolberts had moved out of their house and had rented it from time to time. He also stated that there was no effluence running onto his yard when the Kolberts' house was unoccupied. Other neighbors also testified as to the ebb and flow of the problems caused by the Kolberts' septic system. There is insufficient evidence to support the award of damages for decreased rental value for fifty-seven months. We sever this issue and remand it to the trial court for retrial.

All other points of error are overruled.

In conclusion, we affirm the trial court's award of $10,000 for repairs to the septic system, $4,200 for additional maintenance of the septic system, and $2,000 for several trees that will be lost when the septic sys-

tem is repaired. We affirm the award of $10,000 for nuisance. We affirm the award of attorney's fees for the Kolberts defending against Muller's suit. We reverse the award of attorney's fees for the Kolberts' cross action against Conann. We reverse the trial court in their awarding damages for mental anguish. We reverse the trial court in their trebling of damages under the DTPA. We reverse and remand the issue of the length of time that Muller is entitled to damages for decreased rental value.

Affirmed in Part, Reversed and Rendered in Part, and Reversed and Remanded in Part.