Doyle STUCKEY, Individually and d/b/a
Doyle Stuckey Homes, and Flintpoint
Corporation, Appellants,

v.

Robert I. WHITE, Appellee.

No. 01–81–0782–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1982.

Jeffrey Davis, Houston, for appellants.

Joseph Witherspoon, III, Houston, for appellee.

Before STILLEY, PRICE and JACK SMITH, JJ.

## OPINION

STILLEY, Justice.

This is an appeal from the judgment of the trial court awarding appellee, Robert I. White, damages and attorneys fees for breach of contract resulting from the construction of a new home which he had purchased from appellant, Doyle Stuckey. The jury found the surface water drainage system, foundation, and upstairs porch had not been constructed in a good and workmanlike manner, and it awarded damages for costs of repair in the amounts of $5,000, $7,680, and $1,659 respectively. In response to further jury issues, the court awarded the appellee $33,000 in attorney's fees for the trial, $5,000 for appeal to this court and $5,000 for appeal to the Supreme Court. We affirm the judgment.

White and Stuckey entered into an earnest money contract on November 2, 1972, whereby White agreed to purchase a new home not yet ready for occupancy. Formal closing of the sale occurred on January 4, 1973, and at that time, White and Stuckey executed another agreement whereby Stuckey was to perform repairs and additional drainage work to the property. White became dissatisfied with the repair efforts and, after several letters were exchanged, White filed suit in January, 1975.

By their first three points of error, appellants complain of the granting of attorneys fees. Appellants argue that the fees were not supported by the pleadings and proof, and, also, that they were excessive in amount.

The pleadings, proof and submission of the case to the jury were founded upon two independent theories of law; breach of a written contract and violation of the Texas Deceptive Trade Practices Act.

Appellants argue that because White requested only reasonable attorney's fees incident to his deceptive trade practice allegation in his petition, and because he did not prevail on his deceptive trade practice theory at trial, he is not entitled to reasonable attorney's fees. Appellants note that White could have alleged entitlement to attorney's fees pursuant to Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon Supp.1982), but that White failed to plead and offer proof on the elements of that statute.

Appellants cite *Conann Constructors, Inc., v. Muller,* 618 S.W.2d 564 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.) where attorney's fees were not allowed, but the court did not reach the question of attorney's fees under Article 2226. Also cited are *Artco-Bell Corporation v. Texstar Corp.,* 591 S.W.2d 945 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.), and *Fikes and Associates v. Welton,* 578 S.W.2d 885 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.). These cases state that where there are no pleadings or the pleadings are insufficient to support a recovery as to one of two theories for attorney's fees, a judgment awarding such fees cannot stand. In *Artco-Bell,* there was no statutory provision authorizing an award of attorney's fees under the theory for which the plaintiff recovered. White contends that these cases are distinguishable from the present case, and he argues that the pleadings were sufficient to support the recovery of attorney fees under Article 2226 based on his suit for breach of contract. Further, he points out that there is no statutory requirement that he specifically plead Article 2226 as authority for an attorney's fee claim.

█ In order to recover attorney's fees under the Deceptive Trade Practices Act, a party must prevail on his claims under the Act. *Conann Constructors, Inc., supra.* As the plaintiff did not prevail in the present case under the DTPA, we must consider whether there are sufficient pleadings for attorney fees under the theory of breach of contract. Appellee refers to the following paragraphs of his petition in pleading this theory of recovery:

## XIII

Each and all of the shortcomings of incompleteness of the house and defects have been pointed out to Defendants on numerous occasions and Defendants are well acquainted with same; Plaintiff has

**38**

made demand on Defendants to fix, correct or repair said defects, and Defendants, although often demanded to do so, have failed and refused to fix, repair or correct said defects, all to Plaintiff's damage as set out above.

The appellants argue that, to be entitled to attorney's fees under Article 2226, the burden was on White to sufficiently plead and prove presentment of his claim and failure to pay for thirty days, citing *European Import Company, Inc., v. Lone Star Company* 596 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *El Paso Moulding & Manufacturing Co., Inc. v. Southwest Forest Industries,* 492 S.W.2d 331 (Tex.Civ.App.—El Paso 1973, writ ref'd. n.r.e.); *W.G. Tufts & Son v. Herider Farms, Inc.* 485 S.W.2d 300 (Tex. Civ.App.—Tyler 1972, writ ref'd n.r.e.).

These cases all refer to the language of the Texas Supreme Court in *Van Zandt v. Fort Worth Press,* 359 S.W.2d 893 (Tex. 1962), indicating that Article 2226 is penal in nature and must be strictly construed. The court in a later case, *Jones v. Kelley,* 614 S.W.2d 95 (Tex.1981), noted the amendment to the statute is to "be liberally construed to promote its underlying purposes."

In *Jones,* the court held the following pleadings sufficient to award attorney's fees under Article 2226. "Plaintiffs Kelley made demand on defendants to convey the property made the subject of this lawsuit more than thirty days preceding the filing of this action, but said land was not conveyed."

■ As in the instant case, there was no specific reference to attorney's fees in these allegations, but a statement concerning demand and refusal to perform. There is no requirement under Article 2226 that the claim in question be presented thirty days prior to filing of a suit; rather, it is only necessary that the claim be presented, and, if it is not paid within thirty days, an attorney's fee is reasonable in any suit where claimant recovers judgment for the claim. *El Paso Moulding & Mfg. Co., supra.* We hold the pleading to be sufficient in the present case.

■ We next consider the question concerning presentment of the contract claim. A necessary requisite for the recovery of attorney's fees under Article 2226 is the presentment of the contract claim to the opposing party and the failure of that party to render performance. *Jones, supra.* No particular form of presentment is required. *Huff v. Fidelity Union Life Ins. Co.,* 158 Tex. 433, 312 S.W.2d 493, 500 (1958). In *Huff,* and *Jones,* both oral and written demands were held to be sufficient.

■ In the case at bar, the evidence before the trial court included seven letters from White to Stuckey during the period from March 12, 1973 to December 18, 1973, pointing out the various defects in construction. Also before the court was a letter from Stuckey to White dated December 31, 1973, indicating he knew of the specific demands of White. These letters show a sufficient presentment of the claim.

We next consider appellants' argument that the attorney's fees awarded ($33,000 plus $5,000 for each appeal) to be excessive in light of the appellee's total damage recovery of $14,339.

■ Factors to be considered in reviewing the reasonableness of attorney's fees include: the difficulties and complexities in the nature of the case; the amount of money involved; the time devoted by the attorney to the case; and his experience and skill in presenting the case. *Knopf v. Standard Fixtures Co., Inc.,* 581 S.W.2d 504, 507 (Tex.Cr.App.—Dallas 1979, no writ); *Paulus v. Lawyers Surety Corporation,* 625 S.W.2d 843, 845 (Tex.App.—Houston [14th Dist.] 1981, no writ).

■ An overall review of the record reveals a controversy that is both factually and legally complex. Mr. Tom Sims, an expert witness for the plaintiff, testified that a construction contract dispute of this type is "very tedious and time consuming," both as to preparation and trial. A number of expert witnesses testified during the course of the fourteen-day trial. A total of 178 exhibits were offered into evidence.

There was testimony that a total of 272.1 hours had been expended by appellee's counsel and that a reasonable hourly fee was $125. We find no excessiveness in the attorney's fee as determined by the jury, and we overrule appellant's third point of error.

Appellants' fourth and fifth points allege that there is no evidence and insufficient evidence, respectively, to support the jury's finding that the upstairs porch was not constructed in a good and workmanlike manner. Plaintiff's exhibits 39–43 and 52 were admitted into evidence indicating rot and deterioration due to the intrusion of water on the porch. Plaintiff's Exhibits 176–180 depicted the condition of the porch approximately one year after the purchase. Mr. Harry Hutson, a general contractor who repaired the porch, testified that the water intrusion was caused by improper nailing of the porch column bases and that the material used by appellants to cover the porch was not a good material for the manner used. There is sufficient evidence to support the jury's findings. Appellants' fourth and fifth points are overruled.

Point of error six alleges error by the trial court in refusing to disregard the jury's answers to special issues 21A and 22A in light of their response to special issue 28A. Special issues 21A and 22A establish that appellants' failure to use good and workmanlike construction methods in constructing the surface water drainage system proximately resulted in damages to White in the amount of $5,000. Special issue 28A inquires whether appellants, *after May 21, 1973,* failed to repair or correct the surface water drainage problem in a good and workmanlike manner. The jury answered they did not so find, implying that after May 21, 1973, appellants did not fail or refuse to make corrections to the surface water drainage problem. Appellants argue that the jury's responses to these special issues pose a conflict.

No conflict exists for the reason that, on the date the parties effected the conveyance of the property, January 4, 1973, the implied warranty of fitness of the new base for its intended purpose was breached. White acquired a cause of action for damages for cost to repair. White expressly retained his rights under the implied warranties in the supplemental repair contract executed the same day as closing. Thus, because the jury had sufficient evidence to find that a compensable breach occurred on the date of closing, January 4, 1982, no conflict exists in their findings that no new breaches occurred after May 13, 1973.

Appellants' final point alleges error by the trial court in awarding $5,000 damages to White for the surface water drainage problem, due to the alleged conflict in jury findings. Because we have found that no conflict exists, the last point is overruled. The trial court's judgment is affirmed.