Horace E. **VAIL** and Kathryn
Vail, Appellants,

v.

**FIRST GIBRALTAR BANK FSB,
BSB Realty, Inc., and Bern
Mortberg, Appellees.**

No. 05–93–00055–CV.

Court of Appeals of Texas,
Dallas.

June 9, 1993.

Reconsideration Denied June 29, 1993.

---

Randy Roberts, Blalack & Williams, P.C., Irving, for appellants.

Marigny A. Lanier, Riddle & Brown, Charles C. Frederiksen, Haynes & Boone, Jacob M. Gold, Norman A. Zable, P.C., Dallas, for appellees.

Before McGARRY, C.J., and ROSENBERG and MORRIS, JJ.

## PRESUBMISSION OPINION ON MOTION TO DISMISS

McGARRY, Chief Justice.

Horace and Kathryn Vail appeal from a adverse judgment for First Gibraltar Bank FSB, BSB Realty, Inc. and Bern Mortberg. To perfect their appeal, the Vails elected to make a cash deposit in lieu of a surety bond. *See* TEX.R.APP.P. 46(b), 48. The clerk thereupon filed his certificate showing that the deposit had been made. TEX. R.APP.P. 46(b). However, the clerk's certificate omitted Mortberg's name as an appellee.

Mortberg has now filed a motion to be dismissed from the appeal, contending that the Vails failed to perfect their appeal as to him. Three of our sister courts have sustained similar contentions in cases perfected by appeal bond, holding that the omission of a party as an obligee under the bond fails to perfect the appeal as to that party. *Alamo Express, Inc. v. International Brotherhood of Teamsters*, 215 S.W.2d 936, 937 (Tex.Civ.App.—San Antonio 1948, no writ); *Miller v. Dunagan*, 123 S.W.2d 363, 364 (Tex.Civ.App.-El Paso 1938, writ dism'd); *Anderson v. Automobile Fin. Co.*, 260 S.W. 1092, 1093 (Tex.Civ. App.-Galveston 1924, no writ).

In response, the Vails cite *Conann Constructors, Inc. v. Muller*, 618 S.W.2d 564 (Tex.Civ.App.-Austin 1981, writ ref'd n.r.e.), which holds that an appeal bond perfects the appeal as to all parties, even though it names only one of two appellees. *Id.* at 569. *Conann* is in irreconcilable conflict with the earlier authorities, but fails to acknowledge them.

We may not dismiss an appeal for procedural defects of substance or form in an appeal bond, or in a cash deposit made in lieu of an appeal bond. *Woods Exploration and Producing Co., Inc. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex.1975). If there is a defect in the clerk's certificate, we must grant appellants an opportunity to obtain and file an amended certificate. *Id.* Consequently, we must determine whether the clerk's failure to name Mortberg as an appellee is a defect requiring correction. We conclude that it is not.

The cases cited by Mortberg all involve appeals perfected by the filing of a bond. *See Alamo Express*, 215 S.W.2d at 937; *Miller*, 123 S.W.2d at 364; *Anderson*, 260 S.W. at 1093. The present case, in contrast, involves an appeal perfected by cash

deposit in lieu of a bond. This is a material distinction. Mortberg does not contend that the cash deposit is defective in any way, only that the clerk's certificate of that deposit is defective.

An appeal is perfected by the cash deposit, not by the clerk's certificate. *See* TEX. R.APP.P. 46(b); *see also Cox v. Rosser,* 579 S.W.2d 73, 74–75 (Tex.Civ.App.–Eastland 1979, writ ref'd n.r.e.). The cash deposit is available to pay the costs on appeal as directed by the appellate court; the party making the deposit does not designate to whom the money can be paid. Neither does the clerk's certificate serve the purpose of designating the parties to whom the money can be paid; it merely identifies the style of the case and shows that the deposit has been made. *See* TEX.R.APP.P. 46(b). It follows that the omission of Mortberg's name from the clerk's certificate has no effect on the availability of the money to pay his costs, if so directed by the appellate court.

Additionally, we find the reasoning in *Conann* to be persuasive, at least in the context of an appeal perfected by cash deposit. In that case, the court concluded that dismissing an appellee would effectively limit the scope of the appeal, which cannot be done except in accordance with the rules. *Conann Constructors, Inc.,* 618 S.W.2d at 569. No attempt to limit the scope of an appeal is effective unless a severable portion of the judgment is designated in a proper notice. TEX.R.APP.P. 40(a)(4).

█ As a general rule, an appeal brings the entire judgment before the appellate court. *Dallas Elec. Supply Co. v. Branum Co.,* 143 Tex. 366, 372, 185 S.W.2d 427, 430 (1945). The appeal in this case was not properly limited. Once the Vails made their cash deposit, their appeal was perfected. The entire judgment, and all the parties to the judgment who are adverse to the Vails, are properly before this Court.

Mortberg's motion to dismiss is denied.